**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001021
10-APR-2015
07:46 AM**

NO. CAAP-12-0001021

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RICHARD M. RUH, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 12-1-0003(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Petitioner-Appellant Richard M. Ruh, appeals pro se from the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief, filed on November 5, 2012, in the Circuit Court of the Second Circuit.[1] The Circuit Court denied as patently frivolous and without a trace of support in the record Ruh's Hawai'i Rules of Penal Procedure Rule 40 petition for post-conviction relief, in which Ruh sought release from custody, alleging that he had fully served his sentence.

Ruh appears to argue that the Circuit Court erred by (1) concluding that he was not discharged early from his twenty-year maximum sentence in Criminal No. 93-0173(2) ("1993 Case"), when he was released on parole; (2) failing to consider his

_____

[1]    The Honorable Peter T. Cahill presided.

September 13, 2012 Supplemental Memorandum of Law and Exhibit in Support of Petition when reviewing his petition; (3) failing to notify him promptly of his procedural errors; and (4) denying his motion for appointment of counsel.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Ruh's points of error as follows, and affirm.

(1) Ruh's first point of error specifically challenges Conclusions of Law 8, 15, 16, 18-20, 26-28, 34, and 35, in which the Circuit Court determined that Ruh's full prison term, which had not yet been completed when Ruh was released on parole, was not affected or extinguished by the Hawaiʻi Paroling Authority's decision to grant parole. We agree with the Circuit Court.

Ruh's term of imprisonment is determined by aggregating the sentences he received in two separate cases: the 1993 Case, wherein the Circuit Court sentenced Ruh on February 17, 1994 to a total of twenty-years in prison, and Criminal No. 94-0092(1) ("1994 Case"), wherein the court sentenced Ruh on May 3, 1995 to a five-year prison term.[2] The court specified that the five-year sentence in the 1994 Case was to run consecutively with the twenty-year sentence in the 1993 Case. Subsequently, the paroling authority set Ruh's minimum terms to be served before Ruh would be eligible for parole at eight years for the 1993 Case and three years for the 1994 Case. Aggregating the minimum terms together from these two cases, the earliest Ruh would become eligible for parole was April 10, 2004.

On June 27, 2007, the paroling authority released Ruh on parole. On April 17, 2008, the paroling authority revoked Ruh's parole and recommitted him to prison to serve the balance of his maximum sentences in the 1993 and 1994 Cases.

Ruh appears to argue that, because the sentence in the 1994 Case is consecutive to the sentence in the 1993 Case, when

---

[2] "Hawaiʻi has an 'indeterminate' sentencing system, under which the court sentences a convicted defendant to a maximum term of imprisonment but leaves the precise term to be fixed by the [paroling authority]." *State v. Heggland*, 118 Hawaiʻi 425, 435-36, 193 P.3d 341, 351-52 (2008). Therefore, here, where the Circuit Court determined Ruh's maximum terms, the paroling authority was responsible for calculating the minimum terms.

the paroling authority granted him parole in both cases, it effectively discharged him early from his maximum term in the 1993 Case; when his parole was revoked, only the balance of his five-year maximum term in the 1994 Case remained; and because his term in the 1994 Case has already expired, he is being detained illegally. However, the Circuit Court was not wrong to conclude that Ruh was not discharged early from his maximum sentence in the 1993 Case when he was released on parole.

The paroling authority aggregated Ruh's minimum terms for the limited purpose of determining Ruh's earliest release date, e.g., Garcia v. State, 125 Hawaiʻi 429, 439, 263 P.3d 709, 719 (2010), and this did not affect his maximum terms. See State v. Heggland, 118 Hawaiʻi 425, 436, 193 P.3d 341, 352 (2008) ("While any parole served takes place within the duration of the maximum term of imprisonment [that corresponds to the statutory maximum for the crime], the term of imprisonment and term of parole [set as a portion of the maximum term by the paroling authority] remain distinct concepts." (internal quotation marks omitted)); see also Haw. Rev. Stat. § 706-670(1) (Supp. 1996). Moreover, the paroling authority had the authority to recommit Ruh to prison to serve the balance of his maximum terms after it revoked Ruh's parole. See Haw. Rev. Stat. § 353-66(e) (Supp. 2008), Haw. Admin. R. § 23-700-37(a). And, although the paroling authority had the authority to discharge Ruh early from his sentences, see Haw. Rev. Stat. § 353-70 (1993) & Haw. Admin. R. § 23-700-51(b), Ruh has provided—and we can discern—no evidence that it did so. As such, Ruh's first point of error fails.

(2, 3) With respect to Ruh's second and third points of error, we need not address whether the Circuit Court considered the supplemental memorandum, whether it should have considered Ruh's motion for summary judgment as a non-conforming petition for post-conviction relief, or whether it should have given Ruh an opportunity to amend the motion, for any error with respect to these actions was harmless. See Haw. R. Pen. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). Indeed, Ruh fails to demonstrate, and it does not appear, that there was any

reasonable probability that the court's consideration of those pleadings would have altered the result of Ruh's case. *See State v. Pauline*, 100 Hawai'i 356, 378, 60 P.3d 306, 328 (2002) (Under the harmless error standard, the appellate court "must determine whether there is a reasonable possibility that the error complained of might have contributed to the conviction." (quoting *State v. White*, 92 Hawai'i 192, 198, 990 P.2d 90, 96 (1999)) (internal quotation marks omitted)).

(4) Given our conclusions that Ruh's release on parole did not result in an early discharge from his maximum sentences, and that Ruh is not being illegally detained, the Circuit Court's conclusion that "[Ruh]'s claim is patently frivolous and without a trace of [evidentiary] support" in Conclusion of Law 5 is not wrong. Consequently, the court did not wrongly deny Ruh's motion for appointment of counsel, *see* Haw. R. Pen. P. 40(i), and the court was not wrong to deny the petition without a hearing, *see* Haw. R. Pen. P. 40(f) & (g)(2).

Given the foregoing, we reject each of Ruh's points of error. Therefore,

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief, filed on November 5, 2012, in the Circuit Court of the Second Circuit, is affirmed.

DATED: Honolulu, Hawai'i, April 10, 2015.

On the briefs:

Richard M. Ruh,
Pro Se Petitioner-Appellant.

Richard W. Stacey and
Diane K. Taira,
Deputy Attorneys General,
for Respondant-Appellee.

Chief Judge

Associate Judge

Associate Judge

4